has violated the act.    It supplements the provision in the prior clause, and operates as an additional restraint upon the license.

It is not necessary to consider sections 25 and 26, of the act of 1857.    Those sections provide for the revocation of a license after a conviction or judgment has been obtained against a licensee for a penalty given by the act, or upon his bond.    The word conviction in these sections is inaccurately used.    But the power of revocation given is by the context plainly limited, and exists only where there has been a recovery in a civil proceeding, in one of the cases specified, and does not extend to the case of a conviction upon indictment.    This question was considered in *People* v. *Tighe* (5 Hun, 25).    The opinion of GILBERT, J., in that case contains a satisfactory exposition of the statute in question.

The judgment should be affirmed.

All concur.

Judgment affirmed

---

NANCY WATTS et al.. Respondents, *v.* JOHN RONALD, Executor, etc., Appellant.

J., by her will, gave to her husband $5,000, which was about one-third of her estate, and also the use and benefit of the residue until her oldest daughter, M. S., became of age; she directed that such residue should then be divided equally between her two daughters, M. S. and M., each to come into possession of her share at the age of twenty-one, the husband to have the use of M.'s share until her arrival at that age.    In case of the death of either of the daughters, before arrival of age, the will directed that " the one living shall receive the share of the one deceased, but in the order of their ages as above described."    In case of the death of the two daughters before arrival at the age of twenty-one their respective shares were directed to be divided equally between the testator's "brothers and sisters or their immediate heirs, but in the order above mentioned."    M. S. died intestate after she arrived at the age of twenty-one ; after that, but before her arrival of age, M. died.    *Held,* that the share of

M. S. passed, upon her death, to her next of kin, but that the share of M. went to the brothers and sisters of the testatrix.

(Submitted February 8, 1884 ; decided February 26, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 14, 1883, which reversed a decree of the surrogate of the county of Chautauqua, entered in proceedings instituted by the brothers and sisters of Jane E. Ronald, deceased, to compel an accounting by James Ronald, executor of her last will.

The said Jane E. Ronald died in the year 1872, leaving a last will and testament of the material portions of which the following is a copy :

" I give and bequeath to my beloved husband, James Ronald, the sum of $5,000, and also the use and benefit of all my property of every kind and description, personal and real, until my daughter Margaret S. Ronald arrives at the age of twenty-one years.   The balance and remainder of all my property of every description after deducting the above mentioned bequest to my husband, James Ronald, I order and direct to be divided equally between my two daughters, Margaret S. Ronald and Mary Ronald, share and share alike ; the said Margaret S. Ronald to come into full possession of her share at the' age of twenty-one years ; and Mary Ronald to come into possession of her share at the age of twenty-one years.   And I further direct that my husband, James Ronald, shall have the use of each of the above shares I have directed to be given to my two daughters until they have arrived at the age of twenty-one years, respectively.   I further direct that in case of the death of either of my daughters, the one living shall receive the share of the one deceased, but in the order of their ages as above described, and in case of the death of my two daughters before they arrive at the age of twenty-one years, I direct that their respective shares shall be divided

equally between my brothers and sisters, or their immediate heirs, but in the order above mentioned."

Margaret S., the older daughter, after her arrival at full age, died intestate. Afterward Mary, the younger daughter, died under the age of twenty-one years. The testatrix had no real estate, and her personal property inventoried at about $15,000.

The surrogate dismissed the proceedings on the ground that the petitioners were not interested in the estate, and so had no standing in court.

*C. D. Murray* for appellant. The shares given in the will to the two daughters of the testatrix vested in them, and were only liable to be defeated by their death before arriving at full age. (*Patterson* v. *Ellis*, 11 Wend. 259, 274 ; *Everett* v. *Everett*, 29 N. Y. 39, 75 ; *Gilman* v. *Reddington*, 24 id. 9 ; *Bushnell* v. *Carpenter*, 92 id. 270.)

*Austin Smith* and *H. C. Kingsbury* for respondents. The petitioner being an interested party had a right to call the executor to account. (Code, §§ 2514, subd. 11, 2726, 2743, 2729, 2730.) The share of Mary, the daughter of the testatrix, who died under age, reverted under the will to the brothers and sisters of the testatrix. (88 N. Y. 167.)

MILLER, J. The testatrix by her will bequeathed to her husband the sum of $5,000 and the use and benefit of all her property until her daughter Margaret arrived at the age of twenty-one years ; she then directed that the balance of her estate be divided between her two daughters Margaret S. and Mary, share and share alike, each to come into full possession of her share at the age of twenty-one ; she also provided that her husband should have the use of the shares she had given to her daughters until they arrived at the age of twenty-one years, respectively, and that in case of the death of either of her

daughters the one living should receive the share of the one deceased but in the order of their ages as before described, " and in case of the death of my two daughters before they arrive at the age of twenty-one years, I direct that their respective shares shall be divided equally between my brothers and sisters, or their immediate heirs, but in the order above mentioned."

Margaret S., the older daughter, arrived at full age and then died intestate, never having married. After her death and before she arrived at the age of twenty-one years Mary, the younger daughter, died. The share of Margaret by her death passed to her next of kin, and no question is made in regard to the same. The real point in controversy is in reference to the share of Mary, and upon this appeal we are called upon to determine whether her father is entitled to the same or whether it passed under the will to the brothers and sisters of the testatrix. The phraseology in the will, " in case of the death of my two daughters before they arrive at the age of twenty-one years," of itself would seem to import that both the daughters must die before arriving at full age in order to entitle the brothers and sisters of the testatrix to a share in her estate, but if taken literally the words are susceptible of the interpretation, that as one of the daughters did die before arriving at the age of twenty-one years, the death of both of them did happen before both of them arrived at that age. In the construction of wills we should look at, and if possible, ascertain the intention of the maker. From an examination of the various provisions contained in the testatrix's will and from the surrounding circumstances it is very manifest that she intended to divide her estate between her husband and her two children in about equal proportions. She bequeathed to him absolutely about one-third of the same, she then gave him the use and benefit of the remainder, no doubt for the support and education of her two children until they arrived respectively at the age of twenty-one years and then disposed of the same share and share alike to each of them. She meant, if they lived until

after that period, that each of them should be entitled to an equal share of her property with a right to dispose of the same absolutely and to whomsoever they chose.    If both had lived beyond that time, and had died after arriving at the age of twenty-one without a will, their shares would have passed to their next of kin.    As one of them did not live until that time and as literally both did die before both arrived at the age of twenty-one years, it would seem to be a fair and legitimate inference that the testatrix meant that the interest of the one who did not arrive at full age before her decease should pass to her own brothers and sisters.    Certainly there is no valid ground for claiming that the husband, for whom provision had been made absolutely in the will, and who was entitled to inherit from the daughters in case of their death after arriving at full age, should take the entire estate in case of the death of one of the children before arriving at the age of twenty-one years.    The ample provision made for him in the will and the interests which he was likely to acquire in case both children arrived at the age of twenty-one, and then died, militate against the idea that the testatrix intended in case of the death of one of the children before she reached twenty-one, he should take her portion of the estate.    The use of the word "two" in the clause cited is equivalent to the word "my" in the previous portion of the will and of itself has no special significance.    It cannot, we think, be claimed that there was an absolute gift to the daughters of the testatrix which vested the bequests in them so as to prevent the provisions contained in the will from being carried into effect.    Whatever estate was bequeathed was subject to the contingencies named in the will and must be disposed of upon a fair interpretation of the same in accordance with the rules of law applicable to such cases.    The petitioner, being entitled to a portion of the estate, had the right to an accounting of the executor and the General Term properly reversed the order of the surrogate.

The question considered is not free from difficulty but under the circumstances, we think, the judgment of the General Term

should be affirmed, with costs of both parties to be paid out of the fund.

All concur.

Judgment affirmed.